IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE SACOMAN,

    Petitioner,

vs.                                                                           No. CIV 21-0045 JB/JHR

DWAYNE SANTISTEVAN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER TO ANSWER AND DISMISSING CERTAIN CLAIMS**

**THIS MATTER** comes before the Court on the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed January 19, 2021 (Doc. 1)("Petition"). Petitioner Ernie Sacoman is serving a life sentence in state prison for felony murder. He raises successive challenges to his 1987 conviction and to a 2011 amended judgment related to that conviction, issues that arise under 28 U.S.C. § 2254. See Petition at 2. Sacoman also challenges the execution of his sentence, arguing that he has served his sentence and is entitled to parole, but he is being held wrongfully in prison. See Petition at 1. Having reviewed the Petition and Sacoman's filing history, the Court will dismiss the unauthorized successive § 2254 habeas claims for lack of jurisdiction and order the New Mexico Attorney General to answer Sacoman's § 2241 challenge to the execution of his sentence.

**PROCEDURAL BACKGROUND**

The Court takes the following background information from: (i) the Petition; (ii) Sacoman's State court criminal docket in State v. Sacoman, County of Bernalillo, Second Judicial District Court, State of New Mexico, No. D-202-CR-1986-41225 ("State v. Sacoman I"); (iii) Sacoman's State habeas docket before the Supreme Court of New Mexico in Sacoman v.

Santistevan, No. S-1-SC-38254 ("Sacoman v. Santistevan I"); and (iv) Sacoman's federal habeas dockets in Sacoman v. Williams, No. CIV 96-0128 JAP/LFG ("Sacoman v. Williams I"), and in Sacoman v. Santistevan, No. CIV 20-0694 JB/JHR ("Sacoman v. Santistevan II").  The State and federal dockets are subject to judicial notice.  See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that courts have "discretion to take judicial notice of publicly-filed records in . . . certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(unpublished) [1] (noting that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [State] motion was filed").

On April 14, 1987, a State jury convicted Sacoman of first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery, and tampering with evidence.  See State v. Sacoman I, Docket Sheet.  The State court sentenced Sacoman to life

---

[1] Mitchell v. Dowling, 672 F. App'x 792 (10th Cir. 2016), is an unpublished United States Court of Appeals for the Tenth Circuit opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . , and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Mitchell v. Dowling, Taylor v. Wade, 789 F. App'x 674 (10th Cir. 2019); Rojas-Marceleno v. Kansas, 765 F. App'x 428 (10th Cir. 2018); Clay v. Jones, 491 F. App'x 935 (10th Cir. 2012); Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006); Sutton v. Mikesell, No. 19-1479, 2020 WL 1845283 (10th Cir. April 13, 2020); and Durre v. Zenon, 116 F. App'x 179 (10th Cir. 2004), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

imprisonment, followed by two years of parole.  See State v. Sacoman I, Docket Sheet.  Sacoman filed a direct capital appeal with the Supreme Court of New Mexico.  On September 27, 1988, the Supreme Court of New Mexico affirmed the conviction and sentence "in its entirety."  State v. Sacoman, 1988-NMSC-077, ¶ 30, 107 N.M. 588, 594, 762 P.2d 250, 256 ("State v. Sacoman II").  See Petition at 2.  Sacoman then filed various State habeas motions, but the State court denied all relief.  See Petition at 3-4; State v. Sacoman I, Docket Sheet.

On January 30, 1996, Sacoman filed his first federal Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254.  See Sacoman v. Williams I, Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed January 30, 1996 (Doc. 1)("1996 Petition").  The Honorable Lorenzo F. Garcia, United States Magistrate Judge for the United States District Court for the District of New Mexico, issued in Sacoman v. Williams I the Magistrate Judge's Proposed Findings and a Recommended Disposition, filed January 7, 1997 (Doc. 14)("PFRD"), recommending that the Honorable James A. Parker, Senior United States District Judge for the United States District Court for the District of New Mexico, deny the 1996 Petition and dismiss the action with prejudice.  See PFRD (docket-only entry).  Judge Parker adopted the PFRD, denied the 1996 Petition, and entered Judgment in favor of the respondent on all claims.  See Sacoman v. Williams I, Order by Judge James A. Parker adopting Magistrate Judge's Proposed Findings and Recommended Disposition [14-1] and Denying Habeas Corpus Petition [1-1] [and] Dismissing Case with Prejudice, filed April 21, 1997 (Doc. 16); Sacoman v. Williams I, Judgment by James A. Parker in Favor of Respondent on All of Petitioner's Claims, filed April 21, 1997 (Doc. 17).2

---

²These documents are not electronically available via CM/ECF.  Because Sacoman pursued an appeal, however, the United States Court of Appeals for the Tenth Circuit set out the case history and described the rulings in its Order and Judgment issued March 12, 1998, which is available on Westlaw.  See Sacoman v. Williams, 141 F.3d 1185, 1998 WL 109845 (10th Cir.

Sacoman appealed Judge Parker's dismissal of the 1996 Petition to the United States Court of Appeals for the Tenth Circuit. Sacoman v. Williams, 141 F.3d 1185, 1998 WL 109845, at *1 (10th Cir. March 12, 1998)(unpublished table decision)("Sacoman v. Williams II")  The Tenth Circuit's ruling describes the procedural history of Sacoman's 1996 Petition and reflects that Sacoman challenged his State convictions for "first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery and tampering with evidence." Sacoman v. Williams II, 1998 WL 109845, at *1. It further reflects that Sacoman exhausted his State remedies before filing the 1996 Petition, and that Judge Parker denied relief on the merits. See Sacoman v. Williams II, 1998 WL 109845, at *1. On appeal, Sacoman argued that:

> (1) juror misconduct violated his constitutional right to a fair trial and necessitates a new trial; (2) there was insufficient evidence to support his conviction; (3) the trial court violated his constitutional right to a fair trial by refusing to order the state to produce the psychological records of a witness who testified against petitioner; (4) his right to a fair trial was violated because the prosecution questioned petitioner about a previous juvenile adjudication; and (5) ineffective assistance of counsel violated his rights under the Sixth Amendment.

Sacoman v. Williams II, 1998 WL 109845, at *1. After finding no error in Judge Parker's decision, the Tenth Circuit denied Sacoman's "application for a certificate of probable cause," which today is called a certificate of appealability. Sacoman v. Williams II, 1998 WL 109845, at *3. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 (noting that circuit courts must generally grant or deny a certificate of appealability after the district court dismisses a habeas petition)("Habeas Corpus Rules").

Sacoman filed his second § 2254 Petition on July 13, 2020. See Sacoman v. Santistevan

---

March 12, 1998)(unpublished table decision).

II, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed July 13, 2020 (Doc. 1)("2020 Petition"). There, he challenged the same State convictions at issue in the 1996 Petition, i.e., murder, armed robbery, tampering with evidence, and conspiracy. See 2020 Petition at 1. He also challenged a State court order entered July 19, 2011, which amended his judgment and sentence. See 2020 Petition at 5, 19; State v. Sacoman I, Order Amending Judgment and Sentence to Correct Parole Term, filed July 19, 2011 (no document number)("2011 State Order"). The 2011 State Order provides:

> The Court hereby finds that the Judgment and Sentence needs to be corrected to reflect the correct parole term applicable at the time of the offense and the sentencing in this case pursuant to § 31-21-10(B), NMSA 1978.
>
> The Court hereby orders that the defendant, upon completion of the life sentence of imprisonment, shall be required to undergo a minimum period of parole of five (5) years.

2011 State Order at 1. Sacoman argued the State court violated his due process rights by entering the 2011 State Order without notice or an opportunity to object. See 2020 Petition at 5. The Court concluded that it lacked jurisdiction over any successive habeas claims challenging the original 1987 conviction and dismissed them accordingly. See Sacoman v. Santistevan II, Memorandum Opinion and Order at 9-10, filed October 15, 2020 (Doc. 4)("Successive Claims MOO"). The Court gave Sacoman an opportunity to demonstrate why the one-year statute of limitations did not bar any challenges to the 2011 State Order. See Successive Claims MOO at 10-11. Sacoman filed a timely response, arguing that the 2011 State Order "added three . . . years to the sentence," and suggesting that his counsel was ineffective for failing to object or intervene. Sacoman v. Santistevan II, Response to Memorandum Opinion and Order by Honorable James O. Browning, United States District Judge at 1, filed November 12, 2020 (Doc. 6). The Court concluded that "the 2011 State Order became final no later than August 19, 2011, the first business day following

expiration of the 30-day state appeal period" and the one-year statute of limitations for § 2254 began running on that date, such that Sacoman's § 2254 habeas claims are time barred. Sacoman v. Santistevan II, Memorandum Opinion and Order at 9, filed November 30, 2020 (Doc. 7)("Show Cause MOO"). The Court also concluded that Sacoman does not demonstrate grounds for statutory or equitable tolling. See Show Cause MOO at 10-11. Because the time-bar issue is not reasonably debatable or wrong, and Sacoman does not raise a colorable argument for tolling, the Court denied a certificate of appealability. See Show Cause MOO at 12.

Sacoman's 2020 Petition also contains a passing reference to the repeated denial of parole. See 2020 Petition at 14. The Court advised Sacoman that he must bring any challenge to the execution of a sentence and, in particular, the term of parole, under § 2241 rather than § 2254. See Successive Claims MOO at 12. The present Petition followed, seeking relief under § 2241.

In the Petition, Sacoman argues that he has served a thirty-year life sentence, but the parole board continues to deny parole, even though he has maintained clear conduct for over thirty years. See Petition at 6. This claim is properly raised in his § 2241 Petition and, for the reasons set forth below, the Court will order the Attorney General of the State of New Mexico to answer this aspect of the Petition. Sacoman also challenges the 2011 State Order, the challenge to which the Court dismissed on November 30, 2020 -- less than two months before Sacoman filed the Petition. See Petition at 6; Show Cause MOO at 13. As this claim is second/successive, the Court will dismiss it for lack of jurisdiction.

## **LAW REGARDING INTIAL REVIEW**

Habeas Corpus Rule 4 governs this Petition.[3] Habeas Corpus Rule 4 requires a sua sponte

---

[3]The Court, in its discretion, applies these rules to the § 2241 petition. See Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not

review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." Habeas Corpus Rule 4.

To the extent the a petition challenges the execution of the petitioner's sentence, e.g., the denial of parole, § 2241 governs. Sutton v. Mikesell, No. 19-1479, 2020 WL 1845283, at *2 (10th Cir. April 13, 2020)(applying § 2241 to review state parole board's decision to defer a conditional grant of parole)(unpublished). To the extent that it challenges the sentence itself, e.g., the addition of a term of years to a sentence of parole, § 2254 governs. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)(explaining the distinction between habeas proceedings under §§ 2241 and 2254).

## LAW REGARDING SUCCESSIVE § 2254 CLAIMS

A prisoner in State custody may seek federal habeas corpus relief under § 2254. Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996)(amending § 2254), limits federal courts' power to grant an application for a writ of habeas corpus. One such limitation is the jurisdiction bar applicable to second or successive habeas petitions. The district court automatically has jurisdiction over a defendant's first § 2254

---

covered by Rule 1(a) [which states that the Habeas Corpus Rules refer to petitions brought under § 2254]"); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

proceeding.  See 28 U.S.C. §§ 2254; 2244(a).  Absent a Court of Appeals' prior authorization, however, district courts lack jurisdiction to consider second or successive § 2254 claims.  See 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.")(citing United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006)).

When a second or successive § 2254 petition is filed in the district court without the required authorization, the district court may dismiss or may transfer the matter to the Tenth Circuit if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631."  In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)). Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ."  In re Cline, 531 F.3d at 1252.  To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence.  See 28 U.S.C. § 2244(b)(2).

## LAW REGARDING § 2241 CLAIMS

Relief is available under § 2241 only where a petitioner's detention violates federal law.  See 28 U.S.C. § 2241(c)(3) (instructing that courts must determine whether petitioner "is in

custody in violation of the Constitution or laws or treaties of the United States"). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "'Fair presentation,' in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Williams v. Trammell, 782 F.3d at 1210 (citing Gray v. Netherland, 518 U.S. 152, 163 (1996); Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

## **ANALYSIS**

Having reviewed the relevant law, the Court now considers whether it will: (i) permit Sacoman's successive § 2254 habeas claims; (ii) grant a certificate of appealability; and (iii) dismiss Sacoman's § 2241 Petition challenging the denial of his parole. The Court will dismiss Sacoman's challenges to the 2011 State Order as time barred, and will not issue a certificate of appealability. The Court will allow Sacoman's challenge to his parole denial to move forward, and will direct the State Attorney General to answer.

**I.     THE COURT WILL DISMISS SACOMAN'S CHALLENGES THE 2011 STATE ORDER.**

As noted above, the Court previously dismissed Sacoman's claims challenging the 2011 State Order as time-barred. Show Cause MOO at 9. There is no indication in the record that the Tenth Circuit authorized Sacoman to raise this successive habeas claim. Accordingly, the Court will evaluate whether to transfer such claims to the Tenth Circuit or dismiss the claims for lack of jurisdiction. In re Cline, 531 F.3d at 1251. Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.

Considering these factors, the Court determines it is not in the interest of justice to transfer any successive habeas claims to the Tenth Circuit. A successive challenge to the 2011 State Order is not likely to have merit, as Sacoman does not cite a new rule of constitutional law or new evidence. See 28 U.S.C. § 2244(b)(2). In addition, the State court entered the 2011 State Order over ten years ago. Any successive claims are clearly time-barred. Challenging the 2011 State Order in the Petition, when only two months earlier the Court dismissed the same challenge without prejudice, does not show good faith. For these reasons, the Court will dismiss, for lack of jurisdiction, any successive claims challenging the 2011 State Order.

**II.    THE COURT WILL NOT GRANT A CERTIFICATE OF APPEALABILITY.**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Habeas Corpus Rule 11. A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must

"demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the time-bar is not reasonably debatable or wrong. The Court, therefore, will deny a certificate of appealability.

### III.   THE COURT ORDERS THE STATE ATTORNEY GENERAL TO ANSWER SACOMAN'S § 2241 CHALLENGE TO THE EXECUTION OF HIS SENTENCE.

Sacoman properly raises his challenge to the denial of his parole in a § 2241 habeas petition. See Durre v. Zenon, 116 F. App'x 179, 180 (10th Cir. 2004)("[A] challenge to the execution of a State sentence -- [including] the denial of parole -- is properly brought as an application for writ of habeas corpus under 28 U.S.C. § 2241.")(unpublished). Sacoman has exhausted his State remedies by challenging his sentence's execution in the State trial court and in a Petition for a Writ of Certiorari to the Supreme Court of New Mexico. See Petition at 11; Sacoman v. Santistevan I, Docket Sheet. The State Attorney General must file an answer to this challenge, as the Court requires internal prison records related to the alleged wrongful denial of parole to resolve the Petition.

**IT IS ORDERED** that: (i) the Clerk of Court shall forward copies of this Memorandum Opinion and Order and the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed January 19, 2021 (Doc. 1), to the Attorney General of the State of New Mexico ("Attorney General") at the following address: Attention F.N., Paralegal -- Habeas Corpus Administrator, New Mexico Office of the Attorney General, Criminal Appeals Division, 201 Third St. NW, Suite 300, Albuquerque, NM 87102; (ii) the Attorney General must answer the § 2241 habeas challenge to the execution of Petitioner Ernie Sacoman's sentence raised in the Petition, within thirty days of entry of this Order; (iii) the Answer must advise, but is not limited to, whether Sacoman has exhausted his State court remedies as to the § 2241 habeas claim raised in the federal

petition; (iv) the Answer must attach copies of all relevant state court records and all internal prison records related to the decision to deny Sacoman's parole; (v) Sacoman's successive habeas challenge to the State v. Sacoman, Second Judicial District Court Case No. D-202-CR-1986-41225, Order Amending Judgment and Sentence to Correct Parole Term, filed July 19, 2011 (no document number)("2011 State Order"), which arises under § 2254, is dismissed without prejudice; and (vi) a certificate of appealability for the 2011 State Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Ernie Sacoman
Hobbs, New Mexico

  *Petitioner pro se*