IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE SACOMAN,

    Petitioner,

v.                                                                          2:21-cv-00045-JB-JMR

DWAYNE SANTISTEVAN, Warden,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on petitioner Ernie Sacoman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on January 19, 2021. Doc. 1. Mr. Sacoman's petition raised two claims. *Id*. The Court dismissed Mr. Sacoman's first claim and ordered the respondent, Warden Dwayne Santistevan, to file an answer to Mr. Sacoman's second claim, which challenged the execution of his sentence. Doc. 5 at 11–12. Pursuant to the Court's order, Respondent filed his answer to the petition on March 13, 2023. Doc. 11. Mr. Sacoman filed two documents in reply.[1] *See* Docs. 17, 18. United States District Judge James O. Browning referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 10. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Mr. Sacoman did not exhaust his remaining claim in state court. Therefore, I recommend that the Court dismiss Mr. Sacoman's petition without prejudice.

---

[1] Mr. Sacoman's reply was due by July 31, 2023. Doc. 16. Mr. Sacoman's reply documents were received by the Court on August 7, 2023. Docs. 17, 18. The Court construes both of these documents as Mr. Sacoman's reply and will consider these late-received documents, which Mr. Sacoman claims to have mailed before the July 31, 2023 deadline. *See* Doc. 17 at 10; Doc. 18 at 43.

I.     **Procedural Background**

On March 23, 1987, the Second Judicial District Court of the State of New Mexico found Mr. Sacoman guilty of first-degree murder (Count 1); conspiracy to commit murder (Count 2); armed robbery (Count 3); conspiracy to commit armed robbery (Count 4); and tampering with evidence (Count 6).  Doc. 11-1 at 5–6 (Exh. B).  The state court sentenced Mr. Sacoman to a term of life imprisonment for Count 1; nine years for Count 2; nine years for Count 3, plus one year for a firearm enhancement; three years for Count 4; and eighteen months for Count 6.  *Id*. at 6.  The state court ordered all sentences to run concurrently to one other.  *Id*.  The state court originally imposed a post-release parole period of two years.  *Id*.  However, on July 19, 2011, the state court corrected the judgment to reflect the statutorily required, five-year parole term.  Doc. 11-1 at 114 (Exh. M); *see also* N.M. Stat. Ann. § 31-21-10(B) (1987) ("[A] person who was convicted of a capital felony shall be required to undergo a minimum period of parole of five years.").

Mr. Sacoman filed a direct appeal, and two petitions for relief under 28 U.S.C. § 2254.  *See* Doc. 5 at 1–6 (providing a detailed procedural history).  The Court need not revisit all the procedural history in assessing Mr. Sacoman's sole remaining claim in this case.  Instead, the Court focuses on the two most recent petitions for post-conviction relief that Mr. Sacoman filed in state court, which are the only state court filings that are relevant to his current claim under 28 U.S.C. § 2241.

A. **State Habeas Petitions**

On November 7, 2018, Mr. Sacoman filed a *pro se* petition for writ of habeas corpus in state district court.  Doc. 11-1 at 115–24 (Exh. N).  There, he argued that the New Mexico Corrections Department ("NMCD") was running his sentences consecutively rather than

concurrently. *Id.* at 117–18. The state court asked Mr. Sacoman to file an amended petition further explaining his claims and attaching his good time figuring sheets to allow the court to assess how the NMCD was interpreting Mr. Sacoman's sentence. Doc. 11-1 at 128–29 (Exh. P). On March 27, 2019, Mr. Sacoman filed the amended petition, arguing that the NMCD was "erroneously calculating [his] sentences as conse[cu]tive, and beyond the 30[-]year life imposed." Doc. 11-1 at 130 (Exh. Q). On March 4, 2020, the state district court denied Mr. Sacoman's habeas petitions. Doc. 11-1 at 141–43 (Exh. T). The court found that, although Mr. Sacoman "claims he is receiving an illegal sentence because the NMCD is misinterpreting his sentence by requiring him to serve his sentences consecutively[,] . . . [his] good time figuring sheets indicate that the sentences are to be served concurrently." *Id.* at 142–43. The court, therefore, concluded that he was "not entitled to relief as a matter of law." *Id.* at 143. The court concluded that no other issues were before it. *Id.*

On April 14, 2020, Mr. Sacoman filed a *pro se* petition for a writ of certiorari to the New Mexico Supreme Court ("NMSC"). Doc. 11-1 at 144–48 (Exh. U). Here, Mr. Sacoman did not argue that he was serving consecutive rather than concurrent sentences, as he did in the district court below. *See id.* Instead, Mr. Sacoman raised a wholly different claim and argued that the district court erred in "enhancing [his] sentence from 2 years parole, to five years parole." *Id.* at 145.[2] He did not raise any other arguments in his petition to the NMSC. *See id.* at 144–48. On May 29, 2020, the NMSC denied the petition for writ of certiorari. Doc. 11-1 at 173 (Exh. Z).

---

[2] The State of New Mexico filed a response to Mr. Sacoman's petition for writ of certiorari. Doc. 11-1 at 166–72 (Exh. Y). The state pointed out that Mr. Sacoman had not raised the question of "whether the district court had incorrectly enhanced his term of parole to five years from two years" in the district court. *Id*. at 169. The state also pointed out that "nowhere in his petition does [Mr. Sacoman] raise the issue considered by the district court." *Id*.

3

### B. Petitioner's § 2241 Claims

Mr. Sacoman filed his federal petition for habeas corpus relief under 28 U.S.C. § 2241 on January 19, 2021.[3] Doc. 1. Mr. Sacoman asserts two grounds for relief in this petition: (1) the state court violated his due process rights by amending his sentence in 2011 to require him to serve five years parole, rather than the two years indicated in his original sentence; and (2) the parole board violated his rights by continuing to deny him parole because he has served "the 30[-]year life sentence" and "maintained clear conduct for over 30 years." Doc. 1 at 6.

This Court already dismissed Mr. Sacoman's first claim—challenging a 2011 correction to the parole period of his sentence— finding that this claim constituted a successive habeas claim, and that the claim was time barred. Doc. 5 at 10. As to Mr. Sacoman's second claim, it has not been exhausted. I therefore recommend that the Court dismiss Mr. Sacoman's habeas petition without prejudice.

## II.    Exhaustion of State Court Remedies

### A. Legal Standard

A state prisoner generally must exhaust available state court remedies before a federal court can consider the prisoner's habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). If a petitioner fails to exhaust, this Court generally will dismiss the petition without prejudice. *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

---

[3] Filings by *pro se* litigants are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. . . ." *Id.* Still, a Court may not "assume the role of advocate for the *pro se* litigant." *Id.*

The exhaustion requirement applies to petitions under 28 U.S.C. § 2241, just as it applies to petitions under 28 U.S.C. § 2254. *See Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000).

"The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation omitted). A federal issue is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and quotation omitted). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (citing *Gray v. Netherland*, 518 U.S. 152, 163 (1996) and *Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009)).

A "petitioner cannot assert entirely different arguments in his or her request for habeas relief from those raised before the state court." *Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018) (citation, quotation, and alteration omitted). Nor can a petitioner demonstrate exhaustion "if the claim before the state court was only somewhat similar to the claim pressed in the habeas petition." *Id*. Finally, it is not acceptable for petitioner to "shift the basis for his or her argument away from what was previously raised in state court." *Id*.; *see also Gardner v. Galetka*, 568 F.3d 862, 872 (10th Cir. 2009) (fact that petitioner raised ineffective assistance of counsel claims both

in state court and in his federal habeas petition not sufficient to show exhaustion because factual basis of the claims was different); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (same).

### B. Mr. Sacoman's Ground Two is not exhausted.

In Ground Two, Mr. Sacoman challenges the parole board's continued denial of parole, even though he claims he has served "the 30[-]year life sentence" and "maintained clear conduct for over 30 years." Doc. 1 at 6. However, Mr. Sacoman did not exhaust this claim because he did not present it to the state court. *See Dever*, 36 F.3d at 1534 (federal issue is exhausted only if it "has been properly presented to the highest state court"). In his state habeas petitions, Mr. Sacoman argued only that the NMCD was making him serve consecutive rather than concurrent sentences. *See* Doc. 11-1 at 115–19 (Exh. N); Doc. 11-1 at 130–36 (Exh. Q). The state court denied Mr. Sacoman's request for habeas relief on this basis. Doc. 11-1 at 141–43 (Exh. T). Mr. Sacoman did not appeal based on any error in the state court's finding that he was not serving consecutive sentences. Instead, Mr. Sacoman raised a completely new argument in his petition for certiorari to the NMSC—challenging the state court's correction of his sentence in 2011 to reflect a five-year term of parole, rather than a two-year term of parole. Doc. 11-1 at 144–47 (Exh. U). Because Mr. Sacoman failed to argue the same basis for relief in his petition for certiorari to the NMSC that he had made to the district court, none of the issues Mr. Sacoman raised in his state habeas petitions are exhausted. *See Dever*, 36 F.3d at 1534 (federal issue is exhausted only if it "has been properly presented to the highest state court").

Even more problematic, Mr. Sacoman never even raised the issue he makes in his federal habeas petition in the state courts. In his petition before this Court, Mr. Sacoman now challenges the parole board's repeated denials of parole. Doc. 1 at 6. And, in his reply, he argues for the very first time that the way the parole hearings are conducted violates his due process rights and

his right to be free from double jeopardy. Doc. 18 at 1, 5. None of these challenges were raised in his state habeas petitions. *See* Doc. 11-1 at 115–19 (Exh. N); Doc. 11-1 at 130–36 (Exh. Q). Therefore, Mr. Sacoman did not exhaust Ground Two of his federal habeas petition. *See Grant,* 886 F.3d at 891 ("petitioner cannot assert entirely different arguments in his or her request for habeas relief from those raised before the state court").

Respondent asserts that Mr. Sacoman exhausted state court remedies by arguing both in state habeas court and to the NMSC "that he is being detained in excess of what he understands to be the maximum period of incarceration." Doc. 11 at 3 n.2. I cannot agree.[4] Mr. Sacoman did not "fairly present" the claim he raises in this Court to the state courts because the "substance of his claim" raised here is meaningfully different from the "substance of his claim" raised in his state habeas petition. *See Demarest*, 130 F.3d at 932 (before this Court may consider a claim, the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings). "[C]laims in a significantly different legal posture must first be presented to the state courts." *Id.*; *see also Grant*, 886 F.3d at 891 (exhaustion not demonstrated where "the claim before the state court was only somewhat similar to the claim pressed in the habeas petition" or where petitioner "shift[s] the basis for his or her argument away from what was previously raised in state court").

For these reasons, I find that Mr. Sacoman's Ground Two is unexhausted. Therefore, I recommend the Court dismiss Ground Two of his petition without prejudice. *See Bland*, 459

---

[4] Upon initial review, this Court found that Mr. Sacoman did appear to have exhausted his state court remedies regarding Ground Two. Doc. 5 at 11 (citing the docket sheet from *Sacoman v. Santistevan*, No. S-1-SC-38254 (NMSC)). Now, however, with the benefit of a more complete record (Doc. 11-1), closer review reveals that Mr. Sacoman did not actually exhaust the substance of his Ground Two claim.

F.3d at 1012 ("Generally, a federal court should dismiss unexhausted claims without prejudice. . . .").

### III.     Certificate of Appealability

Lastly, I address whether Mr. Sacoman is entitled to a certificate of appealability. No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Montez*, 208 F.3d at 869 (holding that § 2253(c)(1)(A) applies to "challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241"). A certificate of appealability may issue only if Mr. Sacoman "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth above, I find that Mr. Sacoman has failed to make this showing because he has failed to exhaust his constitutional claim. Therefore, Mr. Sacoman is not entitled to a certificate of appealability.

## **RECOMMENDED DISPOSITION**

For the reasons discussed above, I recommend that the Court dismiss Ground Two of Mr. Sacoman's petition without prejudice. Because this is Mr. Sacoman's only remaining claim, I further recommend that the Court dismiss Mr. Sacoman's habeas petition in its entirety.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge