IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE SACOMAN,

        Petitioner,

vs.                                                                                                   No. CIV 21-0045 JB/JMR

DWAYNE SANTISTEVAN, Warden,

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 18, 2023 (Doc. 19)("PFRD"); and (ii) on the Petitioner's Objection to Proposed Findings and Recommended Disposition, filed November 6, 2023 (Doc. 20)("Objections").[1] The PFRD of the Honorable Jennifer Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified the parties of their ability to file objections within fourteen days and that failure to file objections so waived appellate review. See PFRD at 9. On November 6, 2023, Sacoman filed his Objections to the PFRD. Objections at 1. The primary issue in the Objections is whether Sacoman's contention that the parole board violated his rights by continuing to deny him parole has been exhausted.[2]

---

[1]Sacoman's Objections were due by November 5, 2023. Sacoman states in his Objections that he did not receive the PFRD until October 27, 2023 -- nine days after Magistrate Judge Rozzoni filed the PFRD. See Objections at 4. Sacoman placed his Objections in the mail on November 1, 2023. See Objections at 7. The Objections arrived at the Court on November 6, 2023. See Objections at 7. Because of the delays in receiving the PFRD, and because Sacoman mailed his Objections at least three business days before they were due, the Court will consider them timely filed.

[2]Sacoman also argues in the Objection that the State court violated his due process rights by amending his sentence to require him to serve five years of parole as opposed to two years. See Objections at 1-3. As the PFRD notes, the Court dismissed this claim, which Sacoman first raised

See Objections at 5.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and has "given fresh consideration to" all parts of Magistrate Judge Rozzoni's PFRD to which Sacoman has properly objected.  United States v. Raddatz, 447 U.S. 667, 675 (1980)("Raddatz").  After conducting this de novo review, the Court will adopt Magistrate Judge Rozzoni's conclusions and deny Sacoman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 1, filed January 19, 2021 (Doc. 1)("Petition").

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

in his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 1, filed January 19, 2021 (Doc. 1)("Petition"), in the Memorandum Opinion and Order to Answer and Dismissing Certain Claims at 10, filed January 27, 2023 (Doc. 5)("MOO Dismissing Certain Claims").  See PFRD at 4. After reviewing de novo the record and the relevant law, the Court concludes, as it did in the MOO Dismissing Certain Claims, that this claim is time-barred.

    made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

    "The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-639], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

    The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426

(10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[3]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from

---

[3] Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Order.

other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." Raddatz, 447 U.S. 674. The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge]'s proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, where the plaintiff

failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review. No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.). The Court generally does not review, however, the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[4]] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no

---

[4]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review which the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

In the PFRD, Magistrate Judge Rozzoni concludes that Sacoman's argument challenging the parole board's continued denial of parole despite that Sacoman "claims he has served 'the 30-year life sentence' and 'maintained clear conduct for over 30 years'" (the "Parole Claim"), has not been exhausted, because Sacoman did not present the claim to the State court. PFRD at 6 (quoting Petition at 6). Magistrate Judge Rozzoni reasons that "Sacoman did not 'fairly present' the claim he raises . . . to the [S]tate courts because the 'substance of his claim' raised here is meaningfully different from the 'substance of his claim' raised in his state habeas petition." PFRD at 6 (quoting Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997)). In his Objections, Sacoman argues that he properly raised the issue in State court and expresses that he cannot understand how his Parole Claim can be adjudged unexhausted when it has survived for three years in federal court. See Objections at 5.

To exhaust available State court remedies, a 28 U.S.C. § 2241 petitioner must fairly present the "substance of the claim" to the State court. Demarest v. Price, 130 F.3d at 932. "[T]here is no fair presentation if the claim before the state court was only 'somewhat similar' to the claim pressed in the habeas petition." Grant v. Royal, 886 F.3d 874, 891 (10th Cir. 2018)(quoting

Duncan v. Henry, 513 U.S. 364, 366 (1995)).  The Court agrees with Magistrate Judge Rozzoni and concludes that Sacoman has not provided the State court with a fair opportunity to "apply controlling legal principles to the facts bearing upon his" due process Parole Claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Sacoman made claims in his State habeas petitions and subsequent appeals that he was denied effective assistance of counsel, see Petition for Writ of Habeas Corpus at 39-44 (date illegible), filed March 13, 2023 (Doc. 11-1), that "his conviction was not supported by substantial evidence," Memorandum in Support of Petition for Writ of Habeas Corpus at 75-83 (dated January 5, 1995), filed March 13, 2023 (Doc. 11-1),  that his "sentence imposed was not authorized by law," Petition for Post Conviction Relief at 115-19 (dated November 7, 2018), filed March 13, 2023 (Doc. 11-1), that the "New Mexico Department of Corrections is erroneously calculating Mr. Sacoman's sentences,"  Petition for Post Conviction Relief at 130 (dated March 27, 2019), filed March 13, 2023 (Doc. 11-1), that the State court "enhanc[ed]" Sacoman's sentence by adding "3-years to his parole," Petition for Writ of Certiorari to the Second Judicial District Court of New Mexico at 146 (dated April 8, 2020)("Cert Petition"), filed March 13, 2023 (Doc. 11-1), and that he should be released because of the COVID-19 Pandemic, see Pro Se Motion for Immediate Release Due to Public Health Emergency at 174-83 (dated June 1, 2020), filed March 13, 2023 (Doc. 11-1)("COVID Motion").

By contrast, Sacoman now argues that "he continues to be denied parole, even though he has never had a misconduct report" in violation of his due process rights.  Petition at 1.  Although Sacoman mentions that his parole was denied on multiple occasions in both his Cert Petition at 145 (describing the occasions on which parole was denied) and COVID Motion at 176 ("The Parole Board Continues To Deny Him."), Sacoman presents this fact in the context of his arguments that his term of parole was improperly extended and that he should be released because

of the COVID-19 pandemic. Sacoman never raised the argument that the denial of his parole is a violation of his rights under the Constitution of the United States. See Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(recognizing that the substance of the claim, which must be presented to the state court for the purposes of exhaustion, encompasses both the "underlying facts that entitle a petitioner to relief" and the "constitutional guarantee at issue"). Because Sacoman has "'shift[ed]' the 'basis for [his] argument' away from what was previously raised in state court," the Court concludes that Sacoman has not exhausted his Parole Claim and overrules the Objection. Grant v. Royal, 886 F.3d at 891 (quoting Gardner v. Galetka, 568 F.3d 862, 872 (10th Cir. 2009))(first alteration in Grant v. Royal). Accordingly, the Court will adopt Magistrate Judge Rozzoni's conclusions.[5]

**IT IS ORDERED** that: (i) the Petitioner's Objection to Proposed Findings and Recommended Disposition, filed November 6, 2023 (Doc. 20), is overruled; (ii) the Proposed Findings and Recommended Disposition, filed October 18, 2023 (Doc. 19), is adopted; (iii) Ground Two of the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed January 19, 2021 (Doc. 1), is denied without prejudice; (iv) a certificate of appealability is denied; and (v) the Petitioner's request to hold this case in abeyance while he exhausts Ground Two of the

---

[5]Sacoman correctly notes that the Court concluded, as an initial matter, that Sacoman "properly raises his challenge to the denial of his parole" in the Petition and "exhausted his State remedies by challenging his sentence's execution in the State trial court." MOO Dismissing Certain Claims at 11. As the PFRD notes, however, a review of Sacoman's State court challenges -- records of which were not presented to the Court until the filing of the Respondent's Answer to Ernie Sacoman's Pro Se Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [Doc. 1], filed March 13, 2023 (Doc. 11) -- indicates that the substance of Sacoman's Parole Claim was not fairly presented to the State court, despite the procedural appropriateness of addressing a denial of parole in a § 2241 petition. See PFRD ("[W]ith the benefit of a more complete record (Doc. 11-1), closer review reveals that Mr. Sacoman did not actually exhaust the substance of his Ground Two claim."); Discussion supra, page 7-9.

Petition in the state courts is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*

Ernie Sacoman
Hobbs, New Mexico

    *Petitioner pro se*

Raúl Torrez
  Attorney General for the State of New Mexico
Jane Bernstein
  Assistant Attorney General
Office of the Attorney General for the State of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Respondent*